**Marquis Aurbach Coffing**
Frank M. Flansburg III, Esq.
Nevada Bar No. 6974
Jason M. Gerber, Esq.
Nevada Bar No. 9812
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
fmf@maclaw.com
jgerber@maclaw.com
  *Attorneys for Leslie Nachman*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LESLIE NACHMAN,<br><br>                          Plaintiff,<br><br>vs.<br><br>REGENOCYTE WORLDWIDE, INC.; REGENOCYTE, LLC.; REGENOCYTE THERAPEUTIC, LLC.; INTERCELLULAR SCIENCES, LLC; DR. ZANNOS G. GREKOS, individually; MICHAEL R. CALCATERRA, individually and DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>                          Defendants. | Case No.:<br>Dept. No.: |

**COMPLAINT**

Plaintiff LESLIE NACHMAN (hereinafter "Plaintiff") by and through Jason M. Gerber, Esq., attorney of record, the law firm of Marquis Aurbach Coffing, alleges and complains as follows:

**PARTIES**

1.   Leslie Nachman ("Plaintiff") is and was at all times relevant herein, a resident of Clark County Nevada.

2. Regenocyte Worldwide, Inc. ("Regenocyte Worldwide") is and was at all times relevant herein, is a corporation organized under the laws of Puerto Rico and doing business in Bonita Springs, Florida.

3. Regenocyte, LLC. ("Regenocyte") is and was at all times relevant herein, a limited liability company organized under Florida law and doing business in Bonita Spring, Florida.

4. Regenocyte Therapeutic, LLC. ("Regenocyte Therapeutic") is and was at all times relevant herein, a limited liability company organized under Florida law and doing business in Bonita Spring, Florida.

5. Regenocyte Worldwide, Regenocyte and Regenocyte Therapeutic will be collectively referred to as "Regenocyte".

6. Intercellular Sciences, LLC ("Intercellular") is and was at all times relevant herein, a limited liability company organized under Florida law and doing business in Bonita Spring, Florida.

7. Dr. Zannos G. Grekos ("Grekos") is and was at all times relevant herein, was a physician practicing in Bonita Spring, Florida.

8. Michael R. Calcaterra ("Calcaterra") is and was at all times a resident of North Fort Myers, Florida.

9. Upon information and belief, Intercellular currently uses Regenocyte as an alter ego, shell, instrumentality and conduits for its endeavors. Intercellular's managers, members, officers, employees and/or representatives control Regenocyte, use the same office or business location and employ the same employees and contractors. Regenocyte is not adequately capitalized, and Intercellular and its agents and representatives failed to maintain arm's length transactions between Intercellular and Regenocyte. Funds and assets belonging to Regenocyte and Intercellular, if any, are or were commingled with each other, and said funds and assets are or were not segregated. Additionally, the assets Intercellular and Regenocyte, if any, are or were treated as though they belonged to each other. There exists a unity of interest and ownership

MAC:13123-001 1900364_1 2/26/2013 11:13 AM

between Intercellular and Regenocyte such that equity requires that any corporate veil be pierced so that each is legally liable and responsible for any debts and/or obligations of the other.

10. The names and capacities, whether individuals, corporate, associate or otherwise of Defendants named herein as DOE and ROE CORPORATION are unknown or not yet confirmed. Upon information and belief, said DOE and ROE CORPORATION Defendants are responsible for damages suffered by Plaintiff and, therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff will ask leave to amend this Complaint to show the true names and capacities of each DOE and ROE CORPORATION Defendant at such time as the same has been ascertained.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§1331 and 1338(a) and (b) because it is a civil action involving a federal question related to claims for copyright infringement under the Copyright Act of 1976, Title 17 of the United States Code.

12. This Court has supplemental jurisdiction over all other causes of action pursuant to 28 U.S.C. §1338(b).

13. Venue is proper in this District under 28 U.S.C. §§1391(b)(2) and 1400(a) because, *inter alia*, the events giving rise to Nachman's claims occurred in this District, including without limitation, the display and/or publication of infringing works in this District.

## GENERAL ALLEGATIONS

14. Nachman first approached Regenocyte regarding its services and treatments in 2009 after learning of their practice while a resident in Clark County, Nevada.

15. Grekos was Nachman's treating physician at all material times.

16. Nachman paid $64,000 to Regenocyte in 2009 for stem cell treatment for his cardiac condition.

17. Nachman wired these funds to Regenocyte from Las Vegas, Nevada thus completing a transaction in Clark County Nevada.

MAC:13123-001 1900364_1 2/26/2013 11:13 AM

18. Regenocyte accepted payment and provided services and treatment to Nachman in 2009.

### REGENOCYTE FAILS TO PROVIDE A SECOND TREATMENT

19. Nachman continued to follow up with Regenocyte and its physicians, including Grekos, during 2010, 2011 and 2012.

20. Regenocyte contacted Nachman directly numerous times at his residence in Clark County, Nevada.

21. In 2012 Regenocyte and Grekos determined Nachman's cardiac condition would require further treatment.

22. As such, Nachman began working with Regenocyte and Grekos to schedule another round of treatment.

23. At the time of the diagnosis, Regenocyte and Grekos knew Nachman's condition required treatment within a reasonable time.

24. Regenocyte was aware of the risks of denying Nachman this required treatment within a reasonable time.

25. In September, 2012, an Intercellular representative provided Nachman with the contract.

26. In September, 2012, Nachman executed a contract (the "Agreement") with Regenocyte for a second round of stem cell treatment.

27. At that time, Regenocyte was no longer an active entity registered with the Florida Secretary of State.

28. Prior to Regenocyte's deactivation with the Florida Secretary of State, Intercellular was formed.

29. Intercellular does business at the same address as Regenocyte.

30. Calcaterra and Grekos are both associated with Intercellular.

31. Intercellular offers services and treatments like those offered by Regenocyte.

32. Intercellular website "www.intercellularsciences.com" directs viewers to Regenocyte for further information.

MAC:13123-001 1900364_1 2/26/2013 11:13 AM

33. Intercellular claims to "follow in the footsteps" of Regenocyte.

34. The Agreement required Regenocyte to provide services and treatment.

35. The Agreement also required Nachman to pay Regenocyte $49,950.00.

36. On September 12, 2012, a representative from Intercellular contacted Nachman concerning this payment.

37. On September 11, 2012, Nachman paid Regenocyte via wire transfer all the funds required to receive his second treatment.

38. As part of the transaction with Regenocyte, Nachman executed an Authorization for release of medical records with Intercellular.

39. Nachman performed all obligations required pursuant to the Agreement.

40. Nachman has not breached, in any way, the Agreement.

41. Nachman demanded Regenocyte perform pursuant to the Agreement numerous times, between September 2012 and November 2012.

42. Regenocyte, Intercellular, Calcaterra and Grekos made numerous representations to Nachman between September 2012 and November 2012 concerning the scheduling of his treatment.

43. Regenocyte, Intercellular, Calcaterra and Grekos each made representations concerning the re-opening of an Israeli lab where Nachman's stem cells would be processed.

44. Regenocyte, Intercellular, Calcaterra and Grekos represented the lab would re-open "anyday".

45. These representations concerning the Israeli lab were knowingly and intentionally false.

46. Regenocyte, Intercellular and Grekos never performed the required treatment and never performed pursuant to the Agreement.

47. In November, 2012, Calcaterra, on behalf of Regenocyte/Intercellular assured Nachman that the treatment would be scheduled.

48. These statements were knowingly and materially false.

MAC:13123-001 1900364_1 2/26/2013 11:13 AM

49. Upon information and belief, at the time Regenocyte/Intercellular could not perform the treatment because the Israeli lab was shut down as a part of an unrelated dispute.

50. Therefore, Regenocyte/Intercellular could not perform the work necessary to prepare the stem cells for Nachman's treatment.

51. Regenocyte/Intercelluelar and Calcaterra knew at the time that these statements were false.

52. The statements were made to induce Nachman to continue putting off this life saving treatment.

53. Regenocyte/Intercellular and Calcaterra knew at the time that it could not perform these services.

54. Grekos made similar representations to Nachman in October and November 2012.

55. At the time, Grekos knew Regenocyte/Intercellular could not perform as he represented.

56. At the time, Grekos was under investigation by the State of Florida Department of Health.

57. Grekos' medical license was suspended on March 7, 2012 and remains suspended.

58. Therefore, Grekos knew that he could not perform the required treatment because of his suspended license.

59. Nonetheless, Grekos represented to Nachman the treatment would be provided.

60. Nachman relied on the representations by Regenocyte/Intercellular and Grekos to his detriment.

61. Eventually, Nachman paid for and received the necessary life saving treatment from another facility.

62. Nachman has demanded Regenocyte/Intercellular return the money paid for the treatments Regenocyte never provided.

63. Regenocyte/Intercellular has refused to return the funds.

MAC:13123-001 1900364_1 2/26/2013 11:13 AM

**INFRINGEMENT**

64. After Nachman received his first treatment in 2009 he allowed Regenocyte to record a video testimonial concerning his treatment and the results (the "Work").

65. Nachman never signed a written agreement to authorize the use of his likeness or copyrightable images.

66. Regenocyte posted videos of Nachman on its website and has used his likeness in promotional and advertising materials.

67. Regenocyte's website allows users an interactive experience by allowing them to view the video testimonials, to contact the company and to seek financing through the website.

68. Regenocyte's website is published in, and viewable in, Clark County, Nevada.

69. After Regenocyte refused to perform the second treatment and refused to return the money he paid, Nachman demanded Regenocyte remove the videos and images from its website and advertising materials.

70. Regenocyte refused to remove the Work from its website.

71. Upon information and belief, Regenocyte continued to use Nachman's likeness in its advertising materials.

72. Nachman's copyrightable and protected intellectual property was used by Regenocyte to advertise its services and treatment.

73. Regenocyte received a benefit from the use of these protected materials.

74. In December, 2012, Mr. Nachman's representatives contacted Regenocyte requesting the removal of the infringing material from their website.

75. Regenocyte refused to remove this material.

76. Regenocyte was intentionally infringing on Nachman's intellectual property rights.

77. Regenocyte was aware Nachman is a resident of Clark County, Nevada.

78. Regenocyte was aware its website can be viewed and accessed in Clark County, Nevada.

MAC:13123-001 1900364_1 2/26/2013 11:13 AM

79. Regenocyte purposefully infringed on Nachman's intellectual property rights in Clark County, Nevada.

80. Mr. Nachman has a valid and protectable intellectual property right in his likeness and such rights were knowingly, maliciously and intentionally infringed upon by Regenocyte.

## FIRST CAUSE OF ACTION
### (Breach of Contract Against Regenocyte)

81. Plaintiff repeats and realleges the paragraphs as though fully stated herein.

82. Regenocyte entered into a valid contract with the Nachman.

83. Nachman satisfied all conditions precedent to the Contract.

84. Regenocyte defaulted on its obligations pursuant to the Contract.

85. This failure to perform as promised constitutes a material breach of the Operating Agreements.

86. Despite repeated demands for payment, Regenocyte has failed and refused to pay any amounts owed to the Nachman.

87. As a direct and proximate result of Regenocyte's material breach of the Contract, Nachman has suffered damages in excess of $50,000.00.

88. Nachman has been forced to retain the services of an attorney to prosecute this matter and are entitled to recover reasonable costs and attorney fees incurred herein.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment Against Regenocyte)

89. Plaintiff repeats and realleges the paragraphs as though fully stated herein.

90. Regenocyte accepted Nachman's payment for the second round of treatment in September 2012.

91. Regenocyte, however, never performed the second round of treatment and has refused to return the payment to Nachman.

92. It is inequitable for Regenocyte to retain the payment without providing Nachman the treatment and services.

MAC:13123-001 1900364_1 2/26/2013 11:13 AM

93. As a direct and proximate result of Regenocyte's receipt and retention of a benefit rightfully belonging to Nachman he has suffered damages in excess of $50,000.00.

94. It has become necessary for Nachman to engage the services of an attorney in these proceedings as a direct and proximate result of the conduct alleged above and therefore, Nachman is entitled to recover his fees and costs incurred herein as special damages and as provided for in the Lease.

### THIRD CAUSE OF ACTION
#### (Intentional Misrepresentation – Against all Defendants)

95. Plaintiff repeats and realleges the paragraphs as though fully stated herein.

96. Defendants made verbal representations to Nachman in 2012.

97. Defendants knew the representations were false at the time the statements were made.

98. Defendants made the false representations with the intent to induce Nachman to act or refrain from acting.

99. Nachman justifiably relied on Defendants' misrepresentations and suffered damages as a result.

100. Defendants acted with fraud, oppression, or malice, express or implied, which justifies an award of punitive damages.

101. As a direct and proximate cause of Defendants' actions, Nachman has been damaged in an amount in excess of $50,000.00.

102. Nachman has been forced to retain the services of an attorney to prosecute this matter and are entitled to recover costs and attorneys fees incurred herein as special damages.

### FOURTH CAUSE OF ACTION
#### (Negligent Misrepresentation –Against All Defendants)

103. Plaintiff repeats and realleges each and every allegation contained above and incorporate the same here by reference.

104. Defendants made verbal representations material facts to the Nachman in 2012.

105. Defendants knew or should have known of the representations were false.

106. Defendants intended the misrepresentations to induce the Nachman to take action.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:13123-001 1900364_1 2/26/2013 11:13 AM

107. Nachman justifiably relied on the misrepresentations and suffered damages.

108. As a direct and proximate cause of Defendant's actions, Nachman has been damaged in an amount in excess of $50,000.00.

109. Nachman has been forced to retain the services of an attorney to prosecute this matter and are entitled to recover costs and attorneys fees incurred herein as special damages.

## FIFTH CAUSE OF ACTION
### (Copyright Violation – Against Regenocyte/Intercellular)

110. Plaintiff repeats and realleges the paragraphs as though fully stated herein.

111. Nachman holds the exclusive right to reproduce the Work, pursuant to U.S.C. §106(1).

112. Nachman holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

113. Nachman holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

114. Nachman holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

115. Regenocyte/Intercellular reproduced the Work in derogation of Nachman's exclusive rights under 17 U.S.C. §106(1).

116. Regenocyte/Intercellular created an unauthorized derivative of the Work in derogation of Nachman 's exclusive rights under 17 U.S.C. §106(2).

117. Regenocyte/Intercellular distributed an unauthorized reproduction of the Work on their Websites, in derogation of Nachman 's exclusive rights under 17 U.S.C. §106(3).

118. Regenocyte/Intercellular publicly displayed an unauthorized reproduction of the Work on their Website, in derogation of Nachman's exclusive rights under 17 U.S.C. §106(5).

119. As a direct and proximate result of the Regenocyte/Intercellular's actions, Nachman has suffered and is entitled to damages, whether statutory or otherwise, in an amount in excess of $75,000.00.

MAC:13123-001 1900364_1 2/26/2013 11:13 AM

120.   As a direct and proximate result of the Defendants' actions, Nachman has been forced to retain the services of attorneys to prosecute this action and have been further damaged; as such, Nachman is entitled, whether statutorily or otherwise, to recover its attorneys fees and costs of the suit incurred herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendants:

1.   For an order directing the Defendants to preserve, retain, and deliver to Nachman in hard copies or electronic copies:

   a.   All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to newspaper and Websites;

   b.   All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Regenocyte has communicated regarding its use of the Work; and

   c.   All financial evidence and documentation relating to the Defendants' use of the Work;

2.   For an award of statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

3.   For an award of costs, disbursements, and attorneys' fees incurred by Nachman in bringing this action, pursuant to 17 U.S.C. §505;

4.   For an award of damages, special damages and costs for Regenocyte's breach of contract and breach of the covenant of good faith and fair dealing in an amount in excess of $50,000;

5.   For an award of damages, special damages and costs for the willful, intentional and oppressive false representations in an amount in excess of $50,000;

6.   For punitive damages;

7.   For reasonable attorney fees and costs;

MAC:13123-001 1900364_1 2/26/2013 11:13 AM

8. For an award of pre-judgment and post-judgment interest; and

9. For such other relief as this Court deems appropriate.

Dated this 26 day of February, 2013.

MARQUIS AURBACH COFFING

By _____
Frank M. Flansburg III, Esq.
Nevada Bar No. 6974
Jason M. Gerber, Esq.
Nevada Bar No. 9812
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorney(s) for Leslie Nachman*

MAC:13123-001 1900364_1 2/26/2013 11:13 AM