UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LESLIE NACHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:13-cv-00319-MMD-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| REGENOCYTE WORLDWIDE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

The Court held a hearing on Plaintiff's Motions to Compel (Dkt. #56 & #59) and a Scheduling Conference on February 11, 2014. Jason Gerber appeared on behalf of the Plaintiff and Gabriel Grasso appeared on behalf of the corporate Defendant. Mr. Grasso represented that he had had multiple difficulties obtaining the cooperation of the corporate client's representative and individual Defendant Michael Calcaterra. However, just prior to the hearing he had been in contact with Mr. Calcaterra, and emphasized the need for him to comply with outstanding written discovery responses which were long overdue. Mr. Calcaterra agreed to provide the information Mr. Grasso needed to provide responses the following day, February 12, 2014. The Court therefore continued the hearing until March 4, 2014 for further proceedings. Mr. Gerber and Mr. Grasso appeared.

The Defendants still have not responded to the outstanding discovery requests which were the subject of both motions to compel. Mr. Grasso represented that his client had not cooperated, and had not been in recent communication. In his last conversation with Mr. Calcaterra Mr. Grasso was advised that Mr. Calcaterra was living on Social Security and lacks the funds to proceed with this action. Mr. Grasso will be moving to withdraw. The Court has considered the Motions (Dkt. #56 & #59), Defendants' Response (Dkt. #63), Plaintiff's Reply (Dkt. #64) and Notice of Non-Opposition to

///

Plaintiff's Motion to Compel (Dkt. #65) as well as the arguments and representations of counsel in both hearings.

Defendant Intercellular Sciences, LLC and individual Defendant Michael R. Calcaterra were served with interrogatories and requests for production September 13, 2013. No responses have been received, and no request for an extension of time has been granted. Neither Defendant opposed the motion to compel although representations were made, through counsel for Intercellular, that the information that counsel needed to respond to the request would be provided by February 12, 2014.

Plaintiff's motion requests an order compelling the Defendants to respond, monetary sanctions and case dispositive sanctions in the form of an order striking the Defendants' answer and entering default judgment against them. As the individual Defendant is unrepresented and is the corporate representative for the Defendant corporation, the Court will give the Defendants a final opportunity to meet their discovery obligations before recommending case dispositive sanctions.

The Court will also award monetary sanctions in the amount of $2,025.00 pursuant to Rule 37(a)(5)(A) which provides that if a motion to compel is granted the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless: 1) the moving party failed to make a good faith effort to obtain the discovery without court action; 2) the opposing party's nondisclosure, response or objection was substantially justified; or 3) other circumstances make an award of expenses unjust. Counsel for the Plaintiff sought monetary sanctions in the amount of $3,421.50, but did not provide an itemization of the costs and fees or the hourly rate to counsel involved in filing the motion. During the hearing the Court inquired of Mr. Gerber on these matters. Mr. Gerber advised the Court that his normal and customary hourly rate, and the rate that is charged to the client in this case is $325.00 per hour. An associate billing at the normal and customary rate of $210.00 an hour did the majority of work on the motions to compel. Mr. Gerber appeared for both hearings. Mr. Grasso agreed that both hourly rates were reasonable and customary for this community and did not argue that his clients' failure to respond to outstanding discovery was substantially justified or that other circumstances made an award of expenses unjust. The Court will award monetary sanctions in the amount of $2,025.00 representing three (3) hours of Mr. Gerber's time at the rate of

$325.00 for attending two (2) separate court hearings and one (1) hour of work on the motion. The Court finds that five (5) hours of the associate's time at the rate of $210.00, or $1050.00 is appropriate for the amount of work represented in the moving and responsive papers.

**IT IS ORDERED** that

1. Plaintiff's Motions to Compel (Dkt # 56 & 59) are **GRANTED** and the Defendant shall have until **March 18, 2014** in which to provide full and complete responses to the Interrogatories and Requests for Production of Documents served September 13, 2013. The responses shall be made without objection, the Court finding the Defendants have waived any objections by failure to timely respond or request an extension of time in which to respond.

2. Failure to timely comply with this Order to Compel will result in the recommendation to the District Judge that these Defendants' Answers be stricken and default judgment be entered against them.

3. Pursuant to Fed. R. Civ. P. 37(a)(5)(A) the Court will assess monetary sanctions for the necessity of the motions to compel in favor of the Plaintiff against these Defendants, jointly and severally, in the amount of $2,025.00.

Dated this 5th day of March, 2014.

_____
Peggy A. Leen
United States Magistrate Judge