1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7

LESLIE NACHMAN,

Case No. 2:13-cv-00319-MMD-PAL

8

Plaintiff,

**REPORT OF FINDINGS AND RECOMMENDATION**

9

v.

10

REGENOCYTE, *et al.*,

(Mot Sanctions – Dkt. 74)

11

Defendants.

12    Before the court is Plaintiff's Motion for Sanctions Against Defendants Intercellular

13    Sciences, LLC and Michael Calcaterra (Dkt. #74).  No opposition to the motion was filed and the

14    time for filing a response has now expired.

15    ## BACKGROUND

16    In a prior Order (Dkt. #67) following a hearing on Plaintiff's motion to compel, the court

17    granted Plaintiff's Motions to Compel (Dkt. ##56, 59) and gave individual Defendant Michael

18    Calcaterra and Corporate Defendant Intercellular Sciences, LLC until March 18, 2014, in which

19    to provide full and complete responses to interrogatories and requests for production of

20    documents served September 13, 2013.  The order found that Defendants had waived any

21    objections and required them to file timely responses without objection.  The order also imposed

22    sanctions in the amount of $2,025.00 pursuant to Fed. R. Civ. P. 37(a)(5)(A) in favor of the

23    Plaintiff against these Defendants jointly and severally, for the necessity of filing the motions to

24    compel.

25    The order granting the motions to compel and awarding sanctions was only entered after

26    an earlier hearing conducted February 11, 2014, in which the court granted Defendants

27    additional time to respond to Plaintiff's interrogatories and requests for production of documents

28    upon the representation of counsel for the corporate Defendant that the client representative had

1

been in contact and would provide the information needed to counsel to respond to these discovery requests.  The client did not comply with counsel's request or provide the information necessary for counsel to respond as promised.  As a result, counsel for the corporate Defendant filed a Motion to Withdraw (Dkt. #71) for the second time based on the client's failure to meet its obligations.  The court granted the motion to withdraw in an Order (Dkt. #73) entered March 24, 2014, which gave the corporate Defendant until April 21, 2014, to retain new counsel, as a corporation may not appear except through counsel.  The order warned that failure to comply with the order might result in a recommendation to the district judge for sanctions, including case-dispositive sanctions.

In the current motion, Plaintiff seeks sanctions for Defendants' failure to comply with the court's prior order compelling responses to the discovery served in September 2013. Additionally, the motion seeks an order deeming requests for admissions served February 12, 2014, admitted for Defendants' failure to serve timely responses.  Plaintiff requests that the court strike Defendants' pleadings, enter a default judgment against them, and deem all requests admitted for failure to timely respond.

## DISCUSSION

**I.      Sanctions for Failure to Cooperate in Discovery.**

**A.      Rule 26(a).**

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires parties to make initial disclosures "without awaiting a discovery request."  Rule 26(a)(1)(A)(iii) requires a plaintiff to provide "a computation of each category of damages claim" and make documents or other evidentiary material on which the computation was based available for inspection and copying. According to the advisory committee note to Rule 26, this requirement is "the functional equivalent of a standing Request for Production under Rule 34."  Fed. R. Civ. P. 26 advisory committee's note to 1993 Amendment.

Rule 26(e)(1) requires a party making initial disclosures to "supplement or correct its disclosures or responses  . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and that the additional or corrective

information has not otherwise been known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). The advisory committee's note to the 1993 Amendment indicate that "a major purpose" of the Rule 26(a) initial disclosure requirement "is to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information." *Id.*

A party who fails to comply with its initial disclosure requirements and duty to timely supplement or correct disclosures or responses may not use any information not disclosed or supplemented "to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 27(c)(1). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001). A party facing sanctions under Rule 37(c)(1) for failing to make its initial disclosures or timely supplement or correct incomplete or incorrect responses bears the burden of establishing that its failure to disclose the required information was substantially justified or is harmless. *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008).

**B.    Rule 16(f)**.

Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to impose sanctions on a party's motion or on its own motion, including any sanction authorized by Rule 37(b)(2)(A)(ii-vii), if a party or its attorney fails to obey a scheduling order or other pretrial order. *Id.* Sanctions for failure to obey a discovery order include, among other things, striking a party's pleadings in whole or in part or rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).

Rule 16(f) gives the court broad discretion to sanction attorneys and parties who fail to comply with reasonable case management orders of the court so that they "fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Matter of Sanctions of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1994) (en banc). The Ninth Circuit has held that the purpose of Rule 16 is "to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986); *see also* Fed. R. Civ. P. 16 advisory committee's note (stating "explicit reference to sanctions reinforces the rule's intention to encourage forceful

judicial management.")  Violations of Rule 16 are neither technical nor trivial.  *Martin Family Trust v. Heco-Nostalgia Enterprises, Co.,* 186 F.R.D. 601, 603 (E.D. Ca. 1999).  Rule 16 is critical to the court's management of its docket and prevents unnecessary delays in adjudicating cases.  *Id.*  The Ninth Circuit has emphasized that a case management order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations and citations omitted).  Disregard of a court order undermines the court's ability to control its docket and rewards the indolent and cavalier.  *Id.*

Violations of a scheduling order may result in sanctions including dismissal under Rule 37(b)(2)(C).  *Dreith v. Nu Image, Inc.,* 648 F.3d 779, 787 (9th Cir. 2011) (internal quotations omitted).  The goal of Rule 16 is to get cases decided on the merits.  *In re: Phenylpropnolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).  Rule 16(f) "puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id.*

**C.      Rule 37.**

Rule 37 of the Federal Rules of Civil Procedure authorizes a wide range of sanctions for a party's failure to engage in discovery.  The court has the authority under Rule 37(b) to impose litigation-ending sanctions.  The Rule authorizes sanctions for a party's failure to make disclosures or cooperate in discovery. Rule 37(c)(1) provides, in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). Rule 37 "gives teeth" to the disclosure requirements of Rule 26 by forbidding the use at trial of any information that is not properly disclosed.  *Goodman v. Staples The Office Superstore,* 644 F.3d 817, 827 (9th Cir.2011).  Rule 37(c)(1) is a "self-executing, automatic" sanction designed to provide a strong inducement for disclosure.  *Id.*  The 1993 amendments to Rule 37 were "a recognized broadening of the sanctioning power." *Yeti by Molly*, 259 F.3d at 1106.  Rule 37(a)(3) explicitly provides that an evasive or incomplete

4

1  disclosure, answer, or response to a discovery obligation "is to be treated as a failure to disclose,

2  answer, or respond." *Id.*

3      In the Ninth Circuit, "[t]he district court is given broad discretion in supervising the

4  pretrial phase of litigation." *Continental Lab.,* 195 F.R.D. at 677 (quoting *Miller v. Safeco Title*

5  *Ins. Co.,* 758 F.2d 364, 369 (9th Cir.1985)).  If full compliance with Rule 26(a) is not made, Rule

6  37(c)(1) mandates some sanction, "the degree and severity of which are within the discretion of

7  the trial judge." *Keener v. United States,* 181 F.R.D. 639, 641 (D. Mont.1998). The Ninth

8  Circuit reviews a district court's decision to sanction for a violation of the discovery rules for

9  abuse of discretion which gives "particularly wide latitude to the district court's discretion to

10 issue sanctions under Rule 37(c)(1)." *Yeti by Molly Ltd.,* 259 F.3d at 1106 (citing *Ortiz–Lopez v.*

11 *Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico,* 248 F.3d 29, 34 (1st

12 Cir.2001)).

13     In *Yeti by Molly*, the Ninth Circuit recognized that some courts have upheld preclusion

14 sanctions under Rule 37(c)(1) for a litigant's failure to comply with the requirements of Rule 26,

15 even where they would preclude a litigant's entire claim or defense.  *Id.* at 1106.  The Ninth

16 Circuit has explicitly rejected the notion the district court is required to make a finding of

17 willfulness or bad faith to exclude damages evidence when preclusion sanctions do not amount

18 to dismissal of a cause of action.  *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175,

19 1180 (9th Cir. 2008).  However, when preclusion sanctions amount to dismissal of a claim, the

20 district court is required to make a finding of willfulness, fault, or bad faith, and to consider the

21 availability of lesser sanctions.  *R&R Sales, Inc. v. Insurance Company of Pennsylvania,* 673

22 F.3d 1240, 1247 (9th Cir. 2012).

23     The Ninth Circuit has identified five factors that a district court must consider before

24 dismissing a case or declaring a default: (1) the public's interest in expeditious resolution of

25 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party;

26 (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of

27 less drastic sanctions. *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997); *Stars' Desert*

28 *Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997).

In most cases the first two factors weigh in favor of the imposition of sanctions, while the fourth factor cuts against dismissal.  The Ninth Circuit evaluates whether a district court properly considered the availability of lesser sanctions by examining whether the court: (1) explicitly discussed the possibility of less drastic sanctions and explained why alternative sanctions would be inappropriate; (2) implemented alternative sanctions before ordering default; and (3) warned the party of the possibility of default before actually ordering it.  *Hwang*, 105 F.3d at 524 (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994)); s*ee also Valley Eng'rs v. Electric Eng'rs Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).  Ninth Circuit decisions "suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1991).  The key factors the court should consider are prejudice and availability of lesser sanctions.  *Id.* (citing *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)).

Due process requires that neither dismissal nor preclusion of evidence that is tantamount to dismissal may be imposed when failure to comply is due to circumstances beyond the recalcitrant party's control.  *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980).  The Ninth Circuit has specifically encouraged dismissal, however, where the district court determines "that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders." *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) (quoting *G-K Properties v. Redevelopment Agency*, 577 F.2d 645, 647 (9th Cir. 1978) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976))).

In this case, counsel for Intercellular Sciences LLC and Michael Calcaterra filed a Motion to Withdraw (Dkt. #31) on June 12, 2013, because both clients had failed to keep in touch with him.  Mr. Grasso had made numerous attempts to contact his clients by telephone and email, and informed the clients in writing, and by leaving voicemail messages that if the agreed upon retainer was unpaid, he would file a motion to withdraw.  The motion was filed after Mr. Grasso made an appearance and filed a Motion to Dismiss (Dkt. #23) on his client's behalf on May 17, 2013.  The court granted the motion to withdraw and gave the corporate Defendant until

1   July 19, 2013 in which to retain new counsel, and the individual Defendant until July 19, 2013,

2   to either retain new counsel or file a notice that he would appear pro se. *See* Order (Dkt. #32).

3        The court entered a Discovery Plan and Scheduling Order (Dkt. #34) July 26, 2013,

4   establishing a November 13, 2013 discovery cutoff and related deadlines consistent with LR 26-

5   1(e).  When Defendant Calcaterra and Intercellular Sciences did not comply with the court's

6   order to retain counsel, the court entered an Order to Show Cause (Dkt. #35) on August 1, 2013.

7   The order to show cause gave Calcaterra until August 22, 2013 to show cause why sanctions

8   should not be imposed.  The Order also gave the corporate Defendant until August 22, 2013, to

9   show cause why sanctions should not be imposed for its failure to retain counsel.  The order

10   warned the Defendants that failure to comply would result in a recommendation to the district

11   judge for sanctions, including case-dispositive sanctions.

12        On August 22, 2013, Mr. Grasso made an appearance on behalf of the corporate

13   Defendant, and Responded (Dkt. #39) to the order to show cause.  In his response to the order to

14   show cause, Mr. Grasso indicated that the corporate Defendant's failure to comply with counsel

15   and the court's directives were the result of co-Defendant Michael Calcaterra's unintentional

16   neglect of business rather than a desire to delay this case or prejudice the other parties.  The court

17   set the matter for a scheduling conference on September 3, 2013.  *See* Notice of Hearing (Dkt.

18   #40).  At the scheduling conference, the court heard from counsel and granted the Plaintiff's

19   Request (Dkt. #36) to adjust the discovery plan and scheduling order deadlines.  At the hearing,

20   Mr. Grasso appeared on behalf of the corporate Defendant.  The court specifically advised the

21   parties that any party who failed to comply with their discovery obligations may be sanctioned.

22   *See* Minutes of Proceedings (Dkt. #42).

23        The parties Stipulated (Dkt. #47) to an extension of the discovery deadlines on October

24   23, 2013.  The stipulation indicated that Plaintiff had issued written discovery requests to each

25   Defendant and entered its default and default judgment against the Defendants who had not made

26   an appearance after proper service.  The parties represented that additional time was needed to

27   take Mr. Calcaterra's deposition.  His deposition had not been taken because he had not

28   complied with the court's directive to retain counsel and was unrepresented for a period of time.

The court granted the request in an Order (Dkt. #47) and extended discovery cutoff until March 14, 2014.  As second Stipulation for Extension of Time (Dkt. #51) was filed January 17, 2014, which the court set for hearing on February 11, 2014.  *See* Notice of Hearing (Dkt. #52).  Plaintiff filed Motions to Compel (Dkt. ##56, 59) Calcaterra and Intercellular Sciences to respond to outstanding written discovery prior to the hearing.

At the February 11, 2014 hearing, Mr. Grasso appeared on behalf of the corporate Defendant.  As indicated, he represented that he had recently been in contact with Mr. Calcaterra, who was the corporate representative for Intercellular Sciences, and who had agreed to cooperate with his discovery obligations.  Mr. Grasso was told by Mr. Calcaterra that he would provide the information needed for Mr. Grasso to respond to the Plaintiff's written discovery requests that day or the following day.  The court continued the hearing based on these representations to allow the Defendants to comply with their discovery obligations.  *See* Minutes of Proceedings (Dkt. #61).  The court entered a written Order (Dkt. #62) following the hearing which memorialized the representations made by counsel that the time needed to complete discovery would be affected by the completeness of these Defendants' overdue discovery responses and/or whether the responses provide information that will require follow-up discovery.  Calcaterra did not comply with his counsel's request to provide the information needed to respond to the discovery requests, and the court therefore granted both Motions to Compel (Dkt. ##56, 59) and awarded monetary sanctions of $2,025 for the necessity of filing the motions.  The court gave the Defendants until March 18, 2014, to provide full and complete responses to the discovery requests without objections.  The Order (Dkt. #67) again warned the Defendants that failure to comply with the orders would result in a recommendation to the district judge of additional sanctions up to and including case-dispositive sanctions.  *See* Minutes of Proceedings (Dkt. #66) and Order (Dkt. #67).

Mr. Grasso filed a Motion to Withdraw (Dkt. #73) for the second time on March 24, 2014.  The court granted his request and gave the corporate Defendant until April 21, 2014 to retain new counsel.  *See* Order (Dkt. #73).  The order again warned the corporate Defendant that

failure to comply with the order to retain counsel may result in a recommendation to the district judge of sanctions, including case-dispositive sanctions.

The current Motion for Sanctions was filed because Calcaterra and Intercellular Sciences have not complied with any of these orders.  The Defendants have not answered Plaintiff's interrogatories or responded to the request for production of documents as ordered.  Additionally, the Defendants did not respond to request for admissions served February 12, 2014.  Under these circumstances, Plaintiff requests case-dispositive sanctions.

The court finds that case-dispositive sanctions are appropriate.  These Defendants have completely failed to meet all of their obligations in this case.  They have failed to comply with multiple court orders and deprived Plaintiff of the discovery needed to prosecute this case.  Applying the Ninth Circuit's five-factor test, the court finds that the public's interest in expeditious resolution of the litigation, the court's need to manage its docket, prejudice to the Plaintiff, and the availability of less drastic sanctions weigh in favor of imposing case-dispositive sanction against these Defendants.   The only factor weighing in favor of the Defendants is the public policy favoring disposition of cases on their merits.

These Defendants' failure to comply with their discovery obligations and multiple court orders has interfered with the court's timely management of the docket.  Disregard of the court's orders undermines the integrity of the court's orders and has brought these proceedings to a halt.  The Defendants have been repeatedly warned that failing to comply with their discovery obligations, and orders of the court would result in sanctions, including a recommendation of potentially dispositive sanctions.   Sanctions  less drastic than default would be ineffective.  Having disregarded multiple court orders, there is no reason for the court to believe that these Defendants are likely to comply with any future orders of the court.  The court finds Calcaterra and Intercellular Sciences have acted wilfully and in bad faith in failing to comply with Rule 16, Rule 26(a) and multiple orders of this court.

**II.      Failure to Respond to Admissions.**

Rule 36(a) is self-executing, that is, defendants' failure to respond automatically deems those matters judicially admitted without court intervention.  *See American Technology Corp. v.*

1  *Mah*, 174 F.R.D. 687 (D. Nev. 1997) (quoting 8A Charles A. Wright, Arthur R. Miller &

2  Richard L. Marcus, *Federal Practice and Procedure* § 2259 at 549-50 (2d ed. 1994)).

3          For the reasons stated,

4          **IT IS RECOMMENDED** that the Answers of Defendant Michael Calcaterra and

5  Intercellular Sciences, LLC be stricken and default judgment be entered against them.

6          DATED this 27th day of May, 2014.

7

8                                                    _____

9                                                    PEGGY A. LEEN
                                                     UNITED STATES MAGISTRATE JUDGE

10