**Marquis Aurbach Coffing**
Jason M. Gerber, Esq.
Nevada Bar No. 9812
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
fmf@maclaw.com
jgerber@maclaw.com
  *Attorneys for Leslie Nachman*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LESLIE NACHMAN,<br><br>             Plaintiff,<br><br>vs.<br><br>REGENOCYTE WORLDWIDE, INC.; REGENOCYTE, LLC.; REGENOCYTE THERAPEUTIC, LLC.; INTERCELLULAR SCIENCES, LLC; DR. ZANNOS G. GREKOS, individually; MICHAEL R. CALCATERRA, individually and DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>             Defendants. | Case No.:   2:13-cv-00319-MMD-PAL |

## ORDER RE: EX PARTE APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS RE: DAMAGES

I.   **SUMMARY.**

This Court previously entered a Default Judgment (Dkt. No. 77) and an Amended Order regarding the Report and Recommendation and Motion for Default Judgment (Dkt. No. 78). In the Report and Recommendation, the Court required the Plaintiff to provide supplemental briefing regarding the damages against all of the Defendants. On August 28, 2014 the Ex-Parte Application for Default Judgment for Damages was filed. Based on the pleadings, evidence and sworn declaration of Nachman, the Court awards Plaintiff $49,950.00 in breach of contract damages against Regenocyte and Intercellular, $49,950.00 in fraud damages against all defendants and $100,000.00 in punitive damages against all Defendants.

## II. ALTER EGO JUDGMENT.

Default Judgment was entered against Defendant Intercellular, but, the Judgment did not include the request for an alter ego remedy by Nachman. Plaintiff has provided sworn testimony, documents and records indicating that Intercellular is the alter ego of Regenocyte. In order to exercise the remedy of alter ego, Plaintiff must establish by a preponderance of the evidence that (1) the corporation is influenced and governed by the person asserted to be the alter ego; (2) there is such a unity of interest in ownership that one is inseparable from the other; and (3) the facts are such that adherence to the corporate fiction of a separate entity would, under the circumstances, sanction a fraud or promote injustice. LFC Marketing Group, Inc. v. Loomis, 116 Nev. 896, 904, 8 P.3d 841, 846 (2000). There is no litmus test for determining when the corporate fiction should be disregarded and the results depend on the circumstances of each case. Polaris Indus. Corp. v. Kaplan, 103 Nev. 598, 747 P.2d 884, 887 (1987). The nonexclusive factors the court will examine are (1) comingling of funds; (2) undercapitalization; (3) unauthorized diversion of funds; (4) the treatment of corporate assets as the individual's own; and (5) the failure to observe corporate formalities. Loomis, 116 Nev. at 904.

Plaintiff presented evidence that Intercellular was governed by Calcaterra and that Intercellular admitted that Calcaterra controlled both Intercellular and Regenocyte. Further, Intercellular and Regenocyte both use the same business address and phone number and Intercellular purchased Regenocyte's assets and used them in exactly the same manner as Regenocyte. Therefore, Intercellular and Regenocyte have a clear unity of interest in that they shared officers, assets, and a business address and phone number. Even Intercellular's website directed followers to Regeocyte's website. Moreover, Nachman had contact with representatives from Regenocyte and Intercellular before entering into his agreement with Regenocyte. Given these facts, Intercellular and Regenocyte are inseparable. Therefore, the Plaintiff has satisfied the necessity of showing the unity of interest and control to establish that Intercellular is Regenocyte's alter ego.

The Plaintiff has also shown that recognizing the corporate structure of Regenocyte would sanction a fraud. Regenocyte was dissolved soon after the Plaintiff paid almost

MAC:13123-001 2311720_1 8/29/2014 2:58 PM

$50,000.00 for treatment. Based on the evidence presented, Intercellular stepped into the shoes of Regenocyte and continued to perform the same work, at the same business address and with the same officers and assets. However, because the contract was signed with Regenocyte, Intercellular could avoid any obligation to Nachman and Regenocyte was left without any assets or ability to satisfy its obligations to Nachman. Recognizing Regenocyte's corporate existence when Intercellular took over its work, assets and officers, would sanction a fraud that justifies finding that Intercellular is the alter ego of Regenocyte. Intercellular, therefore, is liable to the Plaintiff for the breach of contract and fraud claims as identified in the prior Report and Recommendation. (Dkt. No. 78)

### III. DAMAGES.

#### A. CONTRACT DAMAGES

Intercellular and Regenocyte are both liable to Plaintiff for the breach of contract damages. Compensatory damages are awarded to make the aggrieved party whole, and, where contracts are involved, these damages should place the plaintiff in the position the plaintiff would have been in had the contract not been breached. Hornwood v. Smith's Food King I, 107 Nev. 80, 807 P.2d 208 (1991). The object of compensatory damages in an action for breach of contract is merely to place the injured party in a position that he would have been in had the contract not been breached. Dulton Properties, Inc. v. Jones, 100 Nev. 422, 683 P.2d 30 (1984).

Nachman paid Regenocyte $49,950.00 for the services Regenocyte was to provide. Regenocyte never provided the services and never reimbursed Nachman. The contract and payment information included in Exhibit 2 to the Ex-Parte Application for Default Judgment re: Damages show that Nachman paid the $49,950.00. Therefore, the compensatory damages for the breach of contract are $49,950.00.

#### B. FRAUD DAMAGES

A party damaged by fraud or misrepresentations may recover "benefit of the bargain" damages or "out of pocket" damages. Collins v. Burns, 103 Nev. 394, 741 P.2d 819 (1987). "Out of pocket" damages include: (1) the difference between the value of what the plaintiff received and the value given and (2) the pecuniary loss standing consequence of the plaintiff's

MAC:13123-001 2311720_1 8/29/2014 2:58 PM

reliance upon the false representation. Goodrich and Pennington Mortgage Fund, Inc. v. J.R. Wollard, Inc. 120 Nev. 777, 101 P.3d 792 (2004). All of the Defendants are liable to Nachman for intentional misrepresentations. The misrepresentations were made to Nachman while Calcaterra and Grekos were employees and/or officers of Regenocyte and Intercellular. Therefore, each Defendant is liable for those damages. However, collecting the fraud and breach of contract damages against Intercellular and Regenocyte would be duplicative. Therefore, Nachman's recovery against Regenocyte and Intercellular will be limited to one recovery of the $49,950.00. Nachman's "out of pocket" damages for the misrepresentations are $49,950.00.

### C. PUNITIVE DAMAGES.

Nachman is also entitled to punitive damages against all Defendants because of the misrepresentations. Punitive damages may be awarded when the plaintiff proves by clear and convincing evidence the defendant's guilty of oppression, fraud or malice. Bongiovi v. Sullivan, 122 Nev. 556, 581, 183 P.2d 433, 450-451 (2006). Nevada follows the United States Supreme Court in determining whether or not punitive damages violate due process. Courts in Nevada make three considerations regarding punitive damages: (1) the degree of reprehensibility of the defendant's conduct, (2) the ratio of punitive damages to the actual harm inflicted on the plaintiff and (3) how a punitive damage award compares to other civil or criminal penalty that "could be imposed for comparable misconduct". Bongiovi, 183 P.2d at 452. Courts are responsible to ensure that measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and the general damages recovered. Id.

The Court finds that $100,000.00 is a reasonable and proportionate award of punitive damages. Nachman has established that he relied on Regenocyte, Intercellular and Grekos to provide him life saving stem cell treatments for his cardiac condition. Nachman previously received treatment from Regenoctye and Grekos, continued to follow up on that treatment and relied on Regenocyte and Grekos when they informed him that he required the treatment again. However, after he paid for the treatment Regenocyte, Calcaterra and Grekos repeatedly misrepresented their ability to perform the work and refused to return Nachman's money to him. During this time, Nachman's condition was potentially life threatening and the actions of the

MAC:13123-001 2311720_1 8/29/2014 2:58 PM

Defendants were done without any regard for his rights or safety despite their responsibility to provide this care as promised. This willful and intentional disregard for Nachman's health and wellbeing is malicious, oppressive and justifies punitive damages.

$100,000.00 in punitive damages is reasonable because it is only twice the compensatory damages awarded to Nachman and is reasonably related to the harm caused by the Defendants. Further, evidence presented by Nachman suggests that he was not the only Regenocyte patient who paid for services but never received them from Regenocyte and never received a reimbursement. It is important to ensure that similar conduct does not continue and the punitive damages of $100,000.00 serve that interest without violating the Defendants' due process. Therefore, punitive damages are awarded in the amount of $100,000.00.

## IV. CONCLUSION.

Plaintiff has established his right to recover compensatory and punitive damages. Intercellular and Regenocyte are liable for breach of their contract with Nachman and for damages in the amount of $49,950.00 – the amount Nachman paid for the services he never received. All of the Defendants are liable to Nachman for his out of pocket damages arising from their fraudulent misrepresentations. Those out of pocket expenses are $49,950.00 – the cost for the services Nachman paid for but the Defendants knew they could not provide. Finally, all Defendants are liable in the amount of $100,000.00 for punitive damages. Nachman is also entitled to interest and costs on these damages and may seek those costs pursuant to the Federal Rules for Civil Procedure.

DATED THIS 21st day of October 2014

MIRANDA M. DU
UNITED STATES DISTRCT JUDGE