UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LESLIE NACHMAN,<br><br>　　　　　　　　Plaintiff,<br>v.<br>REGENOCYTE WORLDWIDE, INC, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:13-cv-00319-MMD-PAL<br><br>ORDER<br><br>(Pltf's Motion for Attorney's Fees –<br>dkt. no. 85) |

　　　　The Court entered default judgment against Defendants. Plaintiff now moves for an award of attorney's fees and costs. For the reasons discussed herein, Plaintiff's motion (dkt. no. 85) is denied.

　　　　The relevant factual background is recited in the Court's previous orders. The Court granted default judgement against Defendants Regenocyte Worldwide, Inc., Regenocyte, LLC, Regenocyte Therapeutic, LLC and Dr. Zannos Grekos ("Defaulting Defendants") for their failure to appear pursuant to Federal Rule of Civil Procedure 55. (Dkt. no. 78.) As for the two remaining Defendants, Intercellular Sciences, LLC and Michael Calcaterra (collectively referred to as "Intercellular"), they repeatedly failed to comply with the Court's orders relating to discovery and retention of substitute counsel after the Court permitted their counsel to withdraw. As a result, the Court granted Plaintiff's request to deem all requests for admissions admitted, struck their answer and entered default against them. (*Id.*)

1 | Plaintiff relies on its breach of contract claim in arguing that an award of attorney's fees and costs is appropriate under NRS § 18.010. Accordingly, the Court applies state law to determine whether to allow attorney's fees as to Plaintiff's state law claim.[1] *See Mangold v. Cal. Pub. Utils. Comm'n,* 67 F.3d 1470, 1478 (9th Cir. 1995).

NRS § 18.010 provides that a court "may make an allowance of attorney's fees to a prevailing party" when the court determines that the claim or defense "was brought or maintained without reasonable ground or to harass the prevailing party." NRS § 18.101(2)(b). Plaintiff has not demonstrated that the defense was asserted or maintained "without reasonable ground or to harass" Plaintiff. The Court entered default judgment against the Defaulting Defendant due to their failure to respond. Default judgment was entered against Intercellular because of their failure to comply with court orders. The Court did not determine the frivolousness of any defense in entering default judgement.

It is therefore ordered that Plaintiff's motion for attorney's fees and costs (dkt. no. 85) is denied.

DATED THIS 9th day of June 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff characterizes this action as a diversity case. (Dkt. no. 85 at 3.) However, in initiating this action, Plaintiff invoked this Court's federal question jurisdiction and supplemental jurisdiction over Plaintiff's state law claims. (Dkt. no. 1, ¶¶ 11, 12.)